# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 07-20160-CM (Criminal) |
| v. ) | Case No. 11-2678-CM (Civil) |
| ) | |
| LYDELL A. FLOWERS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM AND ORDER

Currently before the court is defendant's motion to vacate under 28 U.S.C. § 2255 (Doc. 54), and the government's motion to enforce plea agreement (Doc. 58). For the reasons set forth below, the court grants the government's motion and dismisses defendant's motion. Even if the court considered the merits of defendant's motion, it would be denied.

**I.  Factual Background**

On March 10, 2008, defendant entered a plea agreement and pleaded guilty to conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). The plea agreement contained the following language:

> **Waiver of Appeal and Collateral Attack.** Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed. By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court. The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28 U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion brought under Fed. Rule of Civ. Pro 60(b). In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court. However, if the United States exercises its right to appeal the sentence imposed as

>authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence received as authorized by Title 18 U.S.C. § 3742(a).

(Doc. 15 at 8–9 (brackets in original).) The plea agreement concludes with the following language:

> **No Other Agreements.** The defendant has had sufficient time to discuss this case, the evidence, and this agreement with the defendant's attorney and defendant is fully satisfied with the advice and representation provided by defendant's counsel. Further, the defendant acknowledges that he has read the plea agreement, understands it and agrees it is true and accurate and not the result of any threats, duress or coercion. The defendant further understands that this plea agreement supersedes any and all other agreements or negotiations between the parties, and that this agreement embodies each and every term of the agreement between the parties. The defendant acknowledges that the defendant is entering into this agreement and is pleading guilty because the defendant is guilty and is doing so freely and voluntarily.

(*Id.* at 10–11.)

In his plea petition, defendant acknowledged that he was offering his plea of guilty "freely and voluntarily," and "with full understanding of all the matters set forth in the Indictment, in this petition, and in the certificate of my attorney which is attached to this petition." (Doc. 14 at 4.) The court confirmed the voluntariness of defendant's plea at the plea hearing. Specifically, during the plea colloquy, defendant confirmed under oath that he was entering his plea of guilty freely and voluntarily and of his own free will. He further confirmed that he understood he was waiving his right to appeal or collaterally attack his sentence and that he had an opportunity to go over the waiver paragraph in the plea agreement with his attorney. Based on his answers, the court found that defendant entered his plea of guilty freely and voluntarily and that he understood the consequences of his plea.

At the sentencing hearing, neither party objected to the recommended guideline range. The court also determined that the sentencing guideline range of 87 to 108 months was correctly calculated. The court granted the government's motion pursuant U.S.S.G. § 5K1.1 and sentenced defendant to 37 months in prison.

Defendant did not file a direct appeal. On December 15, 2011, defendant filed a motion pursuant to 18 U.S.C. § 2255. In that motion, he argues that his plea is not valid. To support this argument, defendant only offers the following facts:

> Movant asserts that the plea was not knowingly and voluntary because the Court did not clarify the dispute or set precedent until after movant's plea was already entered. As a result, the sentencing court determined the guidelines erroneously.

(Doc. 54 at 4.) In response, the government moved to enforce the waiver of collateral attack in the plea agreement. Defendant did not file a reply in support of his motion or respond to the government's motion.

## II. Motion to Enforce

The Tenth Circuit has adopted a three-part analysis for evaluating the enforceability of a waiver of collateral attack rights in a plea agreement. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam); *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001) ("[T]he constraints which apply to a waiver of the right to direct appeal also apply to a waiver of collateral attack rights."). Under this analysis, the district court must determine whether: (1) the disputed issues falls within the scope of the waiver, (2) the defendant knowingly and voluntarily waived his rights, and (3) enforcing the waiver would result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325. Based on this analysis, the court determines that defendant's waiver be enforced and, accordingly, grants the government's motion.[1]

### A. Scope of Waiver

First, the plain language of the waiver in the plea agreement includes defendant's current claims. *See United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1207 (10th Cir. 2004) (explaining that courts should construe plea agreements "according to contract principles and what the defendant

---

[1] Because the motion and the record conclusively show that defendant is not entitled to relief, the court does not conduct a hearing on this matter. 28 U.S.C. § 2255(b); Rule 8(a) of the Rules Governing § 2255 Proceedings.

reasonably understood when he entered his plea.") (internal quotation and citations omitted). The waiver expressly includes "any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence." (Doc. 15 at 8.) The plea agreement recognizes that defendant, under *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), did not waive his right to bring a motion under 28 U.S.C. § 2255 for ineffective assistance of counsel that challenges the validity of the plea or the waiver. But defendant has not made such a claim in his motion. Instead, he asserts a general attack on the validity of the plea based on actions by the court. He also disputes the calculation of the sentencing guideline range. The waiver does not exclude these challenges. Therefore, the court concludes that the disputed issues in defendant's motion are within the scope of the waiver.

### B. Knowing and Voluntary

Second, defendant knowingly and voluntarily waived his rights. The Tenth Circuit has instructed that in evaluating this factor, the court should consider whether the plea agreement states that defendant knowingly and voluntarily entered the plea agreement and whether there was an adequate Rule 11 colloquy. *Hahn*, 359 F.3d at 1324–25. As set out above, both considerations are satisfied in this case. Indeed, defendant repeatedly confirmed in the plea petition, in the plea agreement, and at the plea hearing that he was knowingly and voluntarily entering the plea agreement.

In his 28 U.S.C. § 2255 motion, defendant challenges the validity of his plea. (Doc. 54 at 4.) But this argument directly contradicts several sworn statements made by defendant. These sworn statements are conclusively established absent a believable reason justifying departure from the apparent truth. *See United States v. Glass*, 66 F. App'x 808, 810 (10th Cir. 2003) (citing *United States v. Bambulas*, 571 F.2d 525, 526 (10th Cir. 1978)). Defendant has offered no such reason in this case.

Therefore, the court concludes that defendant knowingly and voluntarily entered his plea and waived his rights.

### C. Miscarriage of Justice

Third, enforcement of the waiver does not result in a miscarriage of justice. The Tenth Circuit has explained that enforcement of a waiver results in a miscarriage of justice when (1) the district court relied on an impermissible factor such as race, (2) the defendant received ineffective assistance of counsel in conjunction with the negotiation of the waiver, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. Defendant's motion does not raise any of these issues, and the court does not detect any of these problems after reviewing the record. Therefore, the court concludes that enforcement of the waiver does not result in miscarriage of justice.

Because all three factors are satisfied, the court grants the government's motion to enforce the waiver and dismisses defendant's motion.

### III. Motion Under 28 U.S.C. § 2255

Assuming the waiver did not apply, defendant's motion would be denied. The court recognizes that defendant is proceeding pro se and that his motion should be liberally construed. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) (explaining that "because [defendant] appears pro se, we must construe his arguments liberally"). But defendant has only offered conclusory and vague arguments that do not justify relief under 28 U.S.C. § 2255. As one example, defendant does not identify how the sentencing court erroneously applied the guidelines. Accordingly, defendant's motion also fails on the merits.

### IV. Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing § 2255 Proceedings, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. The court will issue a **certificate of appealability** "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). For the reasons explained above, defendant has not made this showing. Therefore, the court declines to issue a **certificate of appealability**.

**IT IS THEREFORE ORDERED** that the government's motion to enforce waiver of collateral attack (Doc. 58) is granted.

**IT IS FURTHER ORDERED** that defendant's motion under 28 U.S.C. § 2255 to vacate, set aside or correct (Doc. 54) is dismissed.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

Dated this 16th day of November, 2012, at Kansas City, Kansas.

                                                      \_\_s/ Carlos Murguia_____
                                                      **CARLOS MURGUIA**
                                                      United States District Judge